# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | | |
|---|---|---|
| BRADLEY S. BLACKETER, | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | |
| v. | ) | Civil No. 5:13-CV-6135-DGK |
| | ) | Crim. No. 5:11-CR-6011-DGK |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF AND CERTIFICATE OF APPEALABILITY

This case arises out of Movant Bradley S. Blacketer's ("Movant" or "Blacketer") guilty plea to six federal crimes. Pending before the Court is Movant's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" (Civ. Doc. 1).[1] Finding Movant's arguments are without merit and an evidentiary hearing is unnecessary, the Court denies the motion and declines to issue a certificate of appealability.

### Factual Background and Procedural History

As the Government's statement of facts accurately summarizes the record documents, the Court essentially adopts the majority of the factual and procedural background facts from the Government's Suggestions in Opposition (Civ. Doc. 3).

On March 14, 2012, a grand jury returned a superseding indictment charging Blacketer as follows: Count One was for conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; Count Two was for conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (h); Count 4 was

---

[1] Throughout the opinion, references to civil case documents will be "Civ. Doc.__" while references to criminal case documents will be "Crim. Doc.__."

for possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); Count Five was for possession and use of a short-barreled shotgun in furtherance of and during a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(B)(i); Count Six was for being a drug user in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2); Count Seven was for possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B); Count Eight was for possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. §§ 5861(d) and 5871; and an allegation of criminal forfeiture (Crim. Doc. 21 at 1-2).

On March 5, 2013, Blacketer entered into a plea agreement with the United States (Crim. Doc. 464). As a part of the agreement, Blacketer pled guilty to the violations as alleged in Counts Two, Five, Seven, and Eight and to the lesser included offenses of the allegations in Counts One and Four. *Id.* at 2. The plea agreement advised Blacketer of the maximum statutory penalties for each offense, including that he would receive: (1) up to twenty years' imprisonment on Counts One, Two, and Four; (2) not less than ten years' imprisonment on Count Five, to be served consecutive to every other sentence; (3) not more than five years' imprisonment on Count Seven; and (4) not more than ten years' imprisonment on Count Eight. *Id.* at 6-8

By signing the agreement, Blacketer acknowledged that he understood the sentencing procedures, including the preparation of the presentence investigation report ("PSR"); the advisory Sentencing Guidelines; and the ability of this Court to impose any sentence within the statutory range of punishment. *Id.* at 8-14. Additionally, Blacketer waived his right to appeal or collaterally attack his conviction or sentence, as follows:

> The defendant expressly waives the right to appeal any sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not*

include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence.

*Id.* at 15.

On March 5, 2013, this Court presided over Blacketer's change-of-plea hearing (Crim. Doc. 460). As a part of the proceeding, Blacketer told the Court that he suffered from anxiety disorders, but his prescribed medication effectively controlled his symptoms (Crim. Doc. 800 at 5-10). Blacketer also confirmed that these medications did not affect his ability to reason and understand the proceedings. *Id.* at 10. The Court then advised Blacketer of the statutory punishments for each offense, the sentencing procedures, and how the sentence for Count Five would be run consecutive to sentences for the remaining offenses. *Id.* at 19-23. The proceeding concluded with Blacketer confirming his understanding of plea agreement terms, and the Court accepting his plea. *Id.* at 24-47.

On June 27, 2013, the United States Probation Office released Blacketer's final PSR. The probation officer ("P.O.") calculated the advisory Sentencing Guidelines' range of 168 to 210 months' imprisonment on Counts One, Two, Four, Seven, and Eight, plus a statutory consecutive sentence of 120 months' imprisonment for Count Five (Crim. Doc. 549 at 21). In the PSR, the P.O. noted that Blacketer was diagnosed with anxiety disorder in July 2011 and was receiving treatment before and during incarceration. *Id.* at 19. The P.O. also noted that Blacketer was "cooperative, understood the questions presented, conversed adequately, and appeared to be of average intelligence." *Id.* The PSR report also included Blacketer's objections to the drug quantity calculations and the calculation of his total offense level. *Id.* at 24-25.

On October 30, 2013, Blacketer appeared before this Court for sentencing (Crim. Doc. 801). After receiving argument and evidence from the parties, this Court imposed a total sentence of 180 months, with a sentence of sixty months on Counts One, Two, Four, Seven, and

Eight, to run concurrently, plus a statutorily-required consecutive sentence of 120 months on Count Five. *Id.* at 38-39.

Blacketer did not appeal, but on November 1, 2013, Blacketer timely filed the instant pro se motion seeking to vacate his conviction and sentence.

**DISCUSSION**

Blacketer raises four grounds for relief. Although his arguments are somewhat unclear, as best the Court can tell he contends: (1) that the district court erred in running his sentence under Count Five consecutive to his sentences under Counts One, Two, Four, Seven, and Eight;[2] (2) that his attorney erred in not objecting to the sentence for Count Five being run consecutive to the concurrent sentences imposed under the other counts; (3) that he was mentally incapable of pleading guilty; and (4) that the breach of his plea agreement and that the errors in his PSR resulted in an improper sentence. Because each argument lacks merit, the Court denies Movant's motion.

**I.    Movant's claims lack merit.**

   **A.    Movant waived the right to collaterally attack his sentence on the bases raised in grounds one and four.**

In both grounds one and four, Blacketer challenges his prison sentence. The Court finds that Blacketer has waived these arguments via the plea agreement.

A defendant may relinquish his rights to collaterally attack a sentence by executing an appellate waiver provision as part of a plea agreement. *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011). Such a waiver prevents a defendant from challenging a sentence as long as "[1] the claim raised falls within the scope of the waiver, [2] the defendant knowingly

---

[2] Blacketer actually states that Count One should have been run concurrent with Counts Four, Five, Seven, and Eight (Civ. Doc. 1 at 4). The Count One sentence was, in fact, run concurrent with the sentences imposed under Counts Two, Four, Seven, and Eight. These concurrent sentences, however, were run consecutive to the sentence imposed under Count Five. Thus, the Court liberally construes Plaintiff's argument as challenging the consecutive sentence under Count Five.

4

and voluntarily entered into the plea agreement and waiver, and [3] enforcement of the waiver would not result in a miscarriage of justice." *Id.*

Here, the plea agreement forecloses Blacketer's arguments. First, the arguments raised in grounds one and four fall within the waiver's scope. Under the plea agreement, Blacketer waived all rights to collaterally attack his sentence except for his right to challenge an "illegal sentence" (Crim Doc. 464 at 15). The plea agreement narrowly defines an "illegal sentence" as one in excess of the statutory maximum, but it "does *not* include a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." *Id.* Blacketer does not contend under either ground one or four that the sentence was imposed in excess of the statutory maximum. Rather, he raises arguments that, at best, assert an abuse of discretion or imposition of an unreasonable sentence. Accordingly, both arguments fit within the scope of the waiver.

Blacketer also entered into this waiver intelligently and knowingly. At the plea hearing, Blacketer acknowledged that he understood all the plea agreement terms, including the waiver provision, and that he entered into it knowingly and voluntarily after consulting with his attorney. Finally, the Court finds that the enforcement will not result in a miscarriage of justice. For these reasons, the Court finds that Blacketer waived his rights to raise the arguments asserted in grounds one and four.

Even if Blacketer did not waive these arguments, the Court would still deny them. First, as discussed below, the Court was statutorily required to impose a consecutive sentence for the Count Five violation. As for ground four, Defendant failed to identify any breach of the plea agreement or errors in the PSR which resulted in an improper sentence. Accordingly, Defendant is not entitled to any relief based upon grounds one and four.

**B. Blacketer has not demonstrated ineffective assistance of counsel.**

Under ground two, Blacketer alleges that his defense counsel committed ineffective assistance of counsel by not requesting the Court run the ten-year sentence imposed under Count Five concurrent with the other sentences. This argument lacks merit.

To succeed on a claim of ineffective assistance of counsel, a movant must show that "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)). Failure to satisfy either prong is fatal to the claim, and the court need not reach the performance prong if the defendant suffered no prejudice from the alleged ineffectiveness. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997). To establish prejudice, a movant must show that there is a reasonable probability that had counsel's performance not been deficient, the outcome would have been different. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000).

Here, the Court need not discuss the deficiency prong because Movant cannot establish prejudice. Under the plea agreement, Movant pled guilty to possessing a short-barreled shotgun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(B)(i). A conviction under these provisions carries with it a ten-year sentence that *must* run consecutive with any other sentences. 18 U.S.C. §§ 924(c)(1)(B)(i), 924(c)(1)(D)(ii). Consequently, even if defense counsel objected to the consecutive sentence for the Count Five violations, the Court would have overruled this objection as legally erroneous. Thus, defense counsel was not ineffective for requesting the Court run the ten-year minimum sentence concurrent with the other sentences.

### C. Movant was mentally competent to plead guilty.

Blacketer also asserts that the plea agreement was invalid because his anxiety disorder prevented him from knowingly and voluntarily entering into the agreement. The record, however, contradicts this contention.

A defendant must be mentally competent in order to execute a valid plea agreement. *United States v. Martinez*, 446 F.3d 878, 881 (8th Cir. 2006). Since a defendant is presumed competent until proven otherwise, the defendant bears the burden of demonstrating his incompetency. *See United States v. Denton*, 434 F.3d 1104, 1112 (8th Cir. 2006); *see also Godinez v. Moran*, 509 U.S. 389, 398 (1993) (noting that the competency to stand trial standard equally applies to determining whether a defendant is competent to plead guilty). A defendant is deemed competent to plead guilty when the record indicates that he possessed the ability to rationally consult with his lawyer and he understood the proceedings. *U.S. v. Pacheco*, 641 F.3d 970, 973 (8th Cir. 2011) (citation omitted). In determining whether a defendant is competent, a court may also consider its own observations about a defendant's demeanor. *Id.*

Here, the record indicates that Blacketer was competent to plead guilty. Although Blacketer suffered from an anxiety disorder, he received medication to control his symptoms. During his change-of-plea, Blacketer even confirmed that the medication controlled the disorder. At this same proceeding, the Court also observed Blacketer's demeanor. From his actions and responses during the hearing, it was clear that despite his anxiety, Blacketer clearly understood the terms of the agreement and the nature of the proceedings. Indeed, Blacketer even acknowledged on several occasions that he understood the plea agreement, he knowingly entered it, he consulted with his lawyer about it, and he was satisfied with defense counsel's representation. On a whole, this record of a clear understanding of, and active participation in, the change-of-plea proceedings undermines Blacketer's conclusory allegations of mental

incompetence. *See United States v. Rollins*, 552 F.3d 739, 741-42 (8th Cir. 2009) ("Even if suffering from a disease, a defendant's plea is valid if the record demonstrates that he understood the charges against him, was not dissatisfied with the services rendered by his attorney, and entered his plea knowingly and voluntarily." (internal quotation marks and citation omitted)). Accordingly, the Court finds no merit to Blacketer's third ground for relief.

**II.     No evidentiary hearing is required.**

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id*. (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)); *see also Sanders v. United States*, 341 F.3d 720, 721 (8th Cir. 2003) (holding a § 2255 motion may be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

As discussed above, Movant's claims are either contradicted by the record, or if accepted as true, they would not entitle him to relief. Consequently, no evidentiary hearing is required or will be held.

**III.    No certificate of appealability should be issued.**

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). District courts customarily address this issue contemporaneously with the order on the motion. *See Pulliam v. United States*, No. 10-3449-CV-S-ODS, 2011 WL 6339840, at *4 (W.D. Mo. Dec. 16, 2011).

8

A certificate of appealability should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the movant to demonstrate "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 464 U.S. 800, 893 n.4 (1983)). In the present case, the Court holds no reasonable jurist would grant this § 2255 motion, so the Court declines to issue a certificate of appealability.

## Conclusion

For the reasons discussed above, the motion (Civ. Doc. 1) is DENIED and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:   May 7, 2014           /s/ Greg Kays
                                                                           GREG KAYS, CHIEF JUDGE
                                                                           UNITED STATES DISTRICT COURT